## HOLLOWAY v. HOLLOWAY.

Court of Appeals of Kentucky.
Oct. 26, 1951.

J. Gordon Lisanby, Princeton, for appellant.

C. R. Baker, Princeton, for appellee.

CAMMACK, Chief Justice.

Dorothy Joe and J. P. Holloway were married in 1944. They had a four year old daughter at the time of their separation in July, 1949. Mrs. Holloway sought a divorce on the ground of cruel and inhuman treatment. She asked for custody of the child and a reasonable allowance for the child's support. Mr. Holloway denied that Mrs. Holloway had any grounds for divorce and he sought the custody of the child. The chancellor took the view that neither party was without fault and denied them a divorce. He further adjudged that Mrs. Holloway was not entitled to alimony. However, he allowed her custody of the child and directed that Mr. Holloway pay $25 a month for its support. The judgment directed further that Mr. Holloway could have the child visit him and have her "stay over night one night on each visit."

While we appreciate fully the position of the chancellor, we take a different view of the case. Neither party was entirely free from fault, but during the trial an immorality charge was brought out against Mrs. Holloway which proved groundless. It may be that there was some manufactured evidence on both sides, but we can not escape the conclusion that it would be little short of folly to expect these two young people to live together again as man and wife.

Here, as always, our primary concern is the welfare of the infant child. Under the circumstances, and since there is ample evidence to support it, we think a divorce should have been granted Mrs. Holloway, and that she should have been allowed custody of the child, with reasonable visitation periods by the father.

We think also the allowance of $25 per month for the child is inadequate. Mr. Holloway should not be permitted to discharge his obligation to his wife and child by the payment of $25 a month. He is an able-bodied man who makes at least $10 a day at carpentering when he works. While he said he had not been making more than $100 a month for some time, we think, under present conditions, he should be required to pay at least $50 a month to Mrs. Holloway for the support of herself and the child.

Judgment reversed, with directions to set it aside, and for the entry of a judgment in accordance with this opinion.